BONIN, J.,
concurs with written reasons.
|J respectfully concur in affirming the trial court’s judgment in favor of TUHC. I write separately, however, because my examination of the record indicates that plaintiffs allege that TUHC is vicariously liable both for its own negligent administrative actions as well as for the substandard actions of its qualified health care provider employees. A medical malpractice cause of action against a hospital’s administration is governed by a different analytical framework than the framework regulating medical malpractice actions against qualified health Reare providers, such as doctors, nurses, and physical therapists. Because the plaintiffs do not differentiate which causes of action (traditional duty/ risk based negligence or medical malpractice) they are pursuing against which set of actors (hospital administrators or qualified health care providers), an analysis of the plaintiffs’ appeal necessitates an examination of the record in light of both standards.
1
First, I examine the plaintiffs’ claims against the hospital administration for non-medical negligence. In such an action against a hospital, the plaintiff must prove, as in any negligence action, the defendant owed the plaintiff a duty to protect against this risk, the defendant breached that duty, the plaintiff suffered an injury, legal causation, and the defendant’s actions were a substantial cause in fact of the injury. McGlothlin v. Christus St. Patrick Hosp., 2010-2775, pp. 17-18 (La.7/1/11), 65 So.3d 1218, 1281-1232; Turner v. Massiah, 94-2548 (La.6/16/95), 656 So.2d 636, 639. A hospital is bound to exercise the requisite standard of care toward a patient that the particular patient’s condition may require and to protect the patient from external circumstances peculiarly within the hospital’s control. McGlothlin, 2010-2775, p. 18, 65 So.3d at 1232. Hospitals are held to a national, not local, standard of care. Austin v. St. Charles General Hospital, 587 So.2d 742, 746 (La.App. 4 Cir.1991). See also Keyworth v. Southern Baptist Hospitals, Inc., 491 So.2d 15 (La.1986) (“Locality rule does not apply to hospitals.”); Henderson v. Homer Memorial Hospital, 40,585 (La.App. 2 Cir. 1/27/06), 920 So.2d 988 (“Hospitals are held to a national standard of care. The locality rule does not apply to hospitals.”).
Whether a hospital has breached those duties depends upon the circumstances and facts of the case. Hunt v. Bogalusa Community Medical Center, 303 So.2d *733 745, 747 (La.1974). Moreover, the resolution of whether the alleged ^malpractice constitutes negligence as well as the assessment of factual conflicts, including those involving the contradictory testimony of expert witnesses, falls within the province of the trier of fact. Martin v. East Jefferson General Hasp., 582 So.2d 1272, 1277-78 (La.1991).
Here, the duty of TUHC is established by law. “A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient’s condition may require.” Hunt, 303 So.2d at 747. “It is the hospital’s duty to protect a patient from dangers that may result from the patient’s physical and mental incapacities as well as from external circumstances peculiarly within the hospital’s control.” Id. And importantly, “[a] determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and the facts of that case.” Id.
Traditionally the hospital’s duty has been limited: a hospital is not the insurer of a patient’s safety, and the rules of care are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen. Austin, 587 So.2d at 746. The standard of care for hospitals in medical malpractice actions set forth in Hunt, supra, and Keyworth, supra, is applicable to hospitals in other causes of action based on negligence, e.g., wrongful death actions and tort actions for damages for mental pain and suffering. Austin, 587 So.2d at 746.
My review of the record indicates that while the plaintiffs can present some evidence as to the scope of TUHC’s administrative duties, they have not rebutted TUHC’s arguments with respect to breach of duty or causation, which are essential elements of their cause of action, by at least showing genuine issues of material fact. For example, the plaintiffs argue that the Medical Review Panel’s opinion and the Joint Commission on Accreditation of Healthcare Organizations’ hospital accreditation standards both establish the scope of TUHC’s duty and create ^genuine issues of fact with respect to the breach of duty issue. See Sibley v. Board of Supervisors of Louisiana State University, 490 So.2d 307 (La.App. 1 Cir.1986), which held that the standard of care in a case against a hospital should be based, among other things, on Joint Commission on Accreditation standards.
Specifically, the Medical Review Panel’s opinion provides: “Hospitals are required to follow the orders submitted by the attending physician.” Additionally, the plaintiffs point to the following Joint Commission standards as establishing the base line of care for the provision of equipment and rehabilitation services:
Planning and Providing Care
Standard TX. 1: Care, treatment, and rehabilitation are planned to ensure that they are appropriate to the patient’s needs and severity of disease, condition, or impairment, or disability.
Standard TX. 1.1: Settings and services required to meet patient care goals are identified, planned, and provided if appropriate.
Standard TX. 1.1.1: When care is not planned to meet all identified needs, this is documented in the medical record.
Standard TX. 1.2: Care is provided in an interdisciplinary, collaborative manner by qualified individuals.
Rehabilitation Care and Services
Standard TX. 6.1: Qualified rehabilitation professionals determine the scope of the functional rehabilitation assessment; provide rehabilitation ser- *734 vicesand implement the rehabilitation plan with the patient and his or her family, social network, or support system.
Standard TX. 6.1.1: Discharge planning from rehabilitation services is integrated into the functional rehabilitation assessment.
Standard TX. 6.2: Reassessment of the patient receiving rehabilitation services is an ongoing process.
Standard TX. 6.8: An interdisciplinary rehabilitation plan and goals, developed by qualified professionals ... based on a functional assessment of patient needs, guide the provision of rehabilitation services appropriate to patient’s environment.
Standard TX. 6.4: Rehabilitation services are appropriate to the patient’s needs and severity of disease, condition, impairment, or disability.
| ¡¡Standard TX. 6.5: Rehabilitation outcomes are restoration, improvement, or maintenance of the patient’s optimal level of functioning ...
Despite the foregoing, the plaintiffs fail to point to any orders from Ashtyn’s physician that were directed to the hospital or its staff and that the hospital or its staff failed to follow. Further, the plaintiffs fail to explain how the foregoing Joint Commission standards apply to the facts of this ease, or to identify specifically the manner in which TUHC, or its administrative employees, failed to live up to these standards. Additionally, my review of the record indicates that the plaintiffs have not demonstrated a genuine issue of material fact with respect to causation. That is, even if one assumes that the plaintiffs have established a breach of one of the foregoing duties, the plaintiffs have not shown that there is an issue as to causation for the trier of fact to examine. Accordingly, I concur in the affirmation of the trial court’s motion for summary judgment with respect to the plaintiffs’ claims against TUHC for the non-medically based negligence of its employees.
2
Because the plaintiffs also assert that TUHC is liable for the medically based negligence of its employees, such as nurses and physical therapists, I turn now to examine that claim.
Nurses and physical therapists are defined as qualified health care providers under La. R.S. 40:1299.41(A)(1). A hospital is responsible for the medically based negligence of its provider employees under the respondeat superior doctrine. In re Triss, 2001-1921, p. 13 (La.App. 4 Cir. 6/5/02), 820 So.2d 1204, 1212. “[T]he liability imputed upon the hospital must be viewed in light of the nurses’ actions.” Id., citing Odom v. State, Dep’t of Health & Hospitals, 98-1590, p. 7 (La.App. 3 Cir. 3/24/99), 733 So.2d 91, 96. “Nurses and other health care providers are subject to the same standard as physicians.” Triss, 2001-1921, p. 13, 820 So.2d at 1212, citing Migues v. Sagrera, 620 So.2d 463, 465 (La.App. 3d Cir.1993). “It is a nurse’s duty to exercise the degree of skill ordinarily employed, under similar circumstances, by the members of the nursing or health care profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his or her best judgment, in the application of his or her skill to the case.” Id.
From this it follows that under La. R.S. 9:2794 the plaintiff must satisfy three requirements to establish the hospital’s liability for the negligence of its provider employees:
(1) the degree of skill ordinarily employed, under similar circumstances, by the members of the nursing or health *735 care profession in good standing in the same community or locality;
(2) the employee either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and
(3) as a proximate result of this lack of knowledge or skill or failure to exercise this degree of care, the plaintiff suffered injuries that would not, otherwise, have occurred.
Triss, 2001-1921, p. 14, 820 So.2d at 1212. Thus, the plaintiff must establish the standard of care applicable to the provider employee, a violation by the provider employee of that standard of care, and a causal connection between the provider employee’s alleged negligence and the plaintiffs injuries resulting therefrom. See Pfiffner v. Correa, 94-0924, p. 8 (La.10/17/94), 643 So.2d 1228, 1233.
With respect to the present case, my review of the record indicates that the plaintiffs cannot meet the evidentiary burdens set out in La. R.S. 9:2794 applicable to this claim without testimony from appropriate medical experts. Thus, I concur with the majority, insofar as it concerns the liability of TUHC’s health-care provider employees, when it concluded that the instant matter is not a case wherein negligence can be inferred by a layperson under Pfiffner, supra.
17 3
TUHC is the movant in the motion for summary judgment, but it would not bear the burden of proof at trial. Thus, the hospital’s burden on the motion can be satisfied by pointing out to the court “that there is an absence of factual support for one or more elements essential to the adverse party’s claim.” See La. C.C.P. Art. 966 C(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id. Because the plaintiffs failed to produce factual support that the hospital received the physician’s orders and failed to follow them, summary judgment was appropriate on the claim for the hospital’s administrative negligence. Because the plaintiffs failed to provide expert testimony concerning the standard of care owed by the hospital’s own nurses and therapists, or that they deviated from the applicable standard of care, summary judgment was appropriate on the claim for medical malpractice against TUHC. There is, then, no remaining claim by these plaintiffs against TUHC, and I join in the affirmation of the trial court’s dismissal with prejudice of their suit against the hospital.